**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 17 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: EDWARD WILLIAMS CUTTER, II, <br><br> Debtor, <br><hr> EDWARD WILLIAMS CUTTER, II and JOHN F. CUTTER, Guardian ad Litem for Edward Williams Cutter aka Trip Cutter, <br><br> Appellants, <br><br> v. <br><br> DAVID SEROR, Ch 7 Trustee and ZORAN VUJIC, <br><br> Appellees. | No. 11-60005 <br><br> BAP No. 09-1393 <br><br><br> MEMORANDUM[*] |
| In re: EDWARD WILLIAMS CUTTER, II, <br><br> Debtor, <br><hr> DAVID SEROR, | No. 11-60010 <br><br> BAP No. 10-1022 |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellant,

v.

EDWARD WILLIAMS CUTTER, II; et al.,

Appellees,

_____,

ZORAN VUJIC,

and

UST - UNITED STATES TRUSTEE, WOODLAND HILLS,

Trustee.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Dunn, and Novack, Bankruptcy Judges, Presiding

Submitted December 5, 2011[**]
San Francisco, California

Before: ALARCÓN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Edward Williams Cutter, II ("Edward"), the debtor, and John F. Cutter ("John"), as guardian ad litem for Trip Cutter ("Trip"), Edward's son, appeal from the opinion of the Bankruptcy Appellate Panel ("BAP") affirming the Bankruptcy

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Court's determination that certain real property located on Thurston Circle, Los Angeles, was conveyed to Edward rather than Trip and therefore is within the bankruptcy estate. David Seror, the Chapter 7 Trustee, cross-appeals from the BAP's affirmance of the Bankruptcy Court's determination that Trip has a one-third interest in certain property located on Whipple Street in North Hollywood. We affirm the Bankruptcy Court.[1]

In *Weisman v. Roberston (In re Weisman)*, 5 F.3d 417, 421 (9th Cir. 1993), we stated that "[w]hether the circumstances are sufficient to require inquiry as to another's interest in property for the purposes of [California Civil Code] section 19 is a question of fact, even where there is no dispute over the historical facts," thus invoking a clear error standard of review. In *Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 791-92 (9th Cir. 1997) (en banc), we reiterated that the Bankruptcy Court's determination of historical facts are reviewed for clear error, but held that mixed questions concerning the selection of the applicable legal rules and the application of the facts to those rules are reviewed de novo.

**1**. Edward and John assert that the Bankruptcy Court failed to give proper weight to the Declaration of John J. Ermatinger, which sets forth his intent to name

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

3

Trip as a grantee of the Thurston Circle property. The record shows that the Bankruptcy Court properly considered Ermatinger's declaration, but reasonably determined that the property was conveyed to Edward based on a number of relevant factors. The court noted that the name on the title was "Edward W. Cutter, a Single Man" which coincides with Edward's name and marital status. In addition, the court considered that: (a) Trip was a minor, (b) the California Uniform Transfer to Minors Act was not used to attempt to convey an interest to Trip, (c) Edward financed the purchase of the property, and (d) Edward treated the Thurston property as his own. Edward and John have not shown that the Bankruptcy Court erred in determining that the Thurston Circle property was conveyed to Edward.

**2**. Seror, the Chapter 7 Trustee, cross-appeals alleging that the Bankruptcy Court erred in awarding a one-third interest in the Whipple property to Trip. Specifically, the Trustee argues that the use of the language "Edward Williams Cutter, Fils" did not place him on inquiry notice and that in any event, an inquiry would not have revealed that Trip was the owner of a one-third interest.[2] We agree with the BAP that the evidence before the Bankruptcy Court presented "two plausible interpretations of the facts, and its choice between them cannot be clearly

_____

[2] Seror's request for judicial notice is granted.

4

erroneous." *In re Cutter*, 2010 WL 6467694, at *16 (B.A.P. 9th Cir. 2010) (unpublished) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985). Seror has not demonstrated that the Bankruptcy Court erred in determining that Trip has a one-third interest in the Whipple property.

As neither appellants nor cross-appellee have shown that the Bankruptcy Court erred in its rulings, its Judgment After Trial, filed and entered on October 30, 2009, is affirmed.

**AFFIRMED.**

*In re Cutter*, Case Nos. 11-60005 & 11-60010

N.R. SMITH, Circuit Judge, concurring:

I agree with the outcome of the majority's Memorandum Disposition. However, I write separately to highlight the appropriate standard of review. The BAP applied the correct clearly erroneous standard of review and correctly found that the bankruptcy court did not clearly err in its decisions. *Cutter v. Seror (In re Cutter)*, 2010 WL 6467694, *15–16 (B.A.P. 9th Cir. 2010). In their briefs, the parties agree, proposing the clearly erroneous standard as the appropriate standard of review.

This court has specifically addressed the proper standard of review when California Civil Code Section 19 is determinative, and we face such a situation here. "Whether the circumstances are sufficient to require inquiry as to another's interest in property for the purposes of section 19 is a question of fact, even where there is no dispute over the historical facts." *Weisman v. Peters (In re Weisman)*, 5 F.3d 417, 421 (9th Cir. 1993). Questions of fact are reviewed for clear error. *United States v. Hinkson*, 585 F.3d 1247, 1259–60 (9th Cir. 2009) (en banc); *Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 791 (9th Cir. 1997) (en banc); *In re Weisman*, 5 F.3d at 419. Therefore, the proper standard of review in this case is the clearly erroneous standard. *See In re Cutter*, 2010 WL 6467694, *7, 15–16.

1

In *In re Weisman*, the court emphasized the underlying facts that must be determined in order to decide if the trustee was on inquiry or constructive notice. 5 F.3d at 421 ("The essential dispute between the parties is whether Peters' and Neergaard's possession of the house was consistent or inconsistent with the record title in Peters' and Weisman's names."). Similarly, here, the central dispute involves the actions by the debtor and others and their consistency with the names on the deeds. *See* Maj. Memo. at 3–5. Therefore, *In re Weisman* held that the specific situation we face in this appeal is a question of fact, and thus any presumption that this case should be reviewed de novo is overcome.

While language from *In re Bammer* may suggest that a de novo review is appropriate in certain situations, its holding is narrow and does not overrule *In re Weisman* here. *In re Bammer* considered whether the debtor's fraudulent conduct qualified as "malicious" under 11 U.S.C. § 523(a)(6) and did not suggest that mixed questions are always reviewed de novo. 131 F.3d 791–92. Thus, because the question at hand is essentially factual and *In re Weisman* recognized the factual nature of this determination, *see* 5 F.3d at 421, the language in *In re Bammer* is inapplicable.